fendant in error, Mr. D. M. KIRTON and Mr. F. M. CHARLTON. Opinion filed March 31, 1886.

17—2285.   A claim filed by Edward G. Bowzer against the estate of Charles H. Crowell, deceased, in the Probate Court of Cook county.   The claim having been disallowed by the probate court, an appeal was taken by Bowzer to the circuit court, where a trial was had before the court and a jury, resulting in a verdict and judgment in favor of the administratrix.   The claim as originally filed was for a balance of $1,186.06, due from Crowell to Bowzer on an account stated.   By an amendment filed in the probate court, the claim was stated to be for divers sums of money advanced to said Crowell at different dates from August 14, 1878, to November 29, 1878, aggregating $1,426.25, on which there remained due the sum of $1,186.06.   The evidence tended to show, and the court thinks satisfactorily showed, that at the time of the transaction out of which the controversy arose, Crowell and Bowzer were copartners doing business under the firm name of C. H. Crowell & Co., and that the moneys advanced by Bowzer were his contribution to the capital of the firm.   It was claimed, however, and it was upon this theory that the case was tried, that the copartnership had been dissolved and an accounting had between said copartners, and that upon such accounting a balance was struck showing an indebtedness from Crowell to Bowzer of $1,230.06, which sum, less a credit of $44, still remained due and unpaid.   The evidence tending to show an accounting and final settlement between the parties was, to say the least, very weak and unsatisfactory, and the court will not interfere with the finding of the jury that there was no such accounting.   In the absence of an accounting in relation to the affairs and business of the partnership, showing a final balance in his favor, Bowzer was not entitled to a verdict for any specific amount.   It is claimed, however, that so long as the evidence showed that the partnership was unsettled the court should have treated the plaintiff's claim as praying for an adjustment and settlement of the partnership accounts, in the manner provided by the statute in relation to actions of account, and directed the jury to find the plaintiff entitled to such accounting, and that steps should have thereafter been taken under the statute to obtain an accounting by

means of auditors. Whether it would have been competent for the court in any event to adopt the procedure here suggested, or even to submit the matter of an accounting to the jury, is not decided, since the cause was not tried on the part of the plaintiff on any such theory. Judgment affirmed. Opinion by BAILEY P. J. Judge below, JOHN G. ROGERS. Attorneys, for plaintiff in error, Mr. C. C. BONNEY and Mr. L. M. PAINE; for defendant in error, Messrs. SWETT, GROSSCUP & SWETT. Opinion filed April 7, 1886.

No. 16—2284. Gustavus M. Graham, survivor, etc., v. Jonathan B. Graham. Defendant in error sued Gustavus Mills Graham as surviving partner of the firm of Graham Brothers, and on September 26, 1885, a plea of the general issue was filed for said defendant by John and Ernest McGaffey, attorneys; on September 28, 1885, Eric Winters and G. W. Smith, attorneys, filed for same defendant a plea accompanied by an affidavit of merits sworn to by one Stillman Mann who says in affidavit that he is agent of defendant. October 10, 1885, an order was entered reciting that "on agreement of the parties to this suit now made in open court, this cause is submitted to the court for trial without a jury" and trial finding for plaintiff and judgment. October 13, 1885, motion by Eric Winters and Geo. W. Smith as attorneys for defendant, to set aside judgment. Affidavit of Winters shows that on September 26, 1885, affiant and Geo. W. Smith were retained "on behalf of and their appearance for the defendant," and filed plea on September 28th. Plea by McGaffey, attorneys, being then on file cause was submitted to court, October 10th, by agreement between said McGaffey and A. C. Story, attorney for plaintiff, without notice to affiant or said Smith, and they never consented to trial of case without a jury and out of regular order. Action brought against surviving partner for alleged indebtedness of firm. Stillman Mann has been duly appointed administrator of deceased partner, and is interested in seeing that said cause is defended. Claims affiant and Smith are entitled to appear and defend in said cause, "because they were retained by said Stillman Mann, administrator." Affiant believes defendant has full and complete defense to plaintiff's demand and "is informed and believes that said plaintiff and defendant are colluding together for the purpose of de-